IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| GERALD S. BLANCHARD, JR.,<br><br>Plaintiff<br><br>VS.<br><br>ALEXIS E. L. CHASE; Mr. WRIGHT;<br>RICHARD GRABLE; L. WILLIAMS;<br>Mr. BINNS; EUGENIA HARRISON;<br>JAMES E. DONALD; GEORGIA<br>DEPARTMENT OF CORRECTIONS;<br>JOHN DOE/JANE DOE AT AMERICAN<br>AMENITIES, INC.; JOHN DOE/JANE<br>DOE AT GEORGIA DEPARTMENT<br>OF CORRECTIONS; DR. GOEL,<br><br>Defendants | NO. 5:07-CV-241 (CAR)<br><br>PROCEEDINGS UNDER 42 U.S.C. §1983<br>BEFORE THE U. S. MAGISTRATE JUDGE |

## ORDER AND RECOMMENDATION

Plaintiff **GERALD S. BLANCHARD, JR.,** an inmate at Men's State Prison in Hardwick, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff has paid the initial partial filing fee as ordered by the Court on June 26, 2007, and he has supplemented his complaint as ordered by the Court on July 16, 2007.

### I. MOTION TO AMEND COMPLAINT

Plaintiff requests to amend his complaint in order to clarify several of his claims. Specifically, plaintiff wishes to show his claim regarding "Spring Fresh" toothpaste as a separate claim. Additionally, in relation to this claim involving "Spring Fresh" toothpaste, plaintiff states he no longer wants to show American Amenities, Inc. and the Georgia Department of Corrections as defendants. Instead, he wishes to show John Doe/Jane Doe Chairman and or President of

American Amenities, Inc. and John Doe/Jane Doe employees of the Georgia Department of Corrections responsible for providing him "Spring Fresh" as defendants. Plaintiff also requests to add Dr. Goel as a defendant to the defective toothpaste and resulting lack of medical care claims.

Because no responsive pleadings have been served, plaintiff is entitled to amend his complaint "once as a matter of course." Fed. R. Civ. P. 15(a). Therefore, plaintiff's motion to amend his complaint is **GRANTED** and plaintiff's amendments will be analyzed below along with all of the other allegations in plaintiff's complaint and supplement.

## II. STANDARD OF REVIEW

### A. CLAIMS REGARDING VERBAL HARASSMENT, RACIAL DISCRIMINATION, SEXUAL HARASSMENT, AND SEXUAL ABUSE

Plaintiff Blanchard states that when he was working in the kitchen at Men's State Prison, he experienced verbal harassment, sexual comments/harassment, and racial discrimination by Mr. Wright. Plaintiff states that he complained to L. Williams, Mr. Binns, Richard Grable and Dr. White. However, these individuals, according to plaintiff, did nothing to assist him.

Plaintiff alleges that on January 27, 2007, Mr. Wright "touched [him] in an unprofessional, sexual way." Plaintiff explains that he "felt someone rubbing on [his] buttocks and [he] was pushed up against kitchen equipment." Plaintiff alleges that he turned his head and saw "Mr. Wright had his pelvic area pressed against [him]." Plaintiff states that following this incident, Mr. Wright "harassed him verbally using profanity." Plaintiff alleges he complained about the encounter with Mr. Wright to Mr. Binns, Deputy Warden Harrison, and Richard Grable who did nothing to help him. Plaintiff complains that the Georgia Department of Correction's Standard Operating Procedures regarding sexual harassment were not followed.

First, in relation to plaintiff's claim of verbal abuse, allegations of verbal abuse and threats do not state claims that are actionable under 42 U.S.C. § 1983. ***McFadden v. Lucas***, 713 F.2d 143, 146 (5th Cir. 1983) (holding that mere threats, name calling, or verbal abuse do not amount to a violation of a federal constitutional right); ***Stacey v. Ford***, 554 F. Supp. 8 (N. D. Ga. 1982)(explaining that allegations of threats by prison officials are not actionable under 42 U.S. C. § 1983). Accordingly, the undersigned **RECOMMENDS** that plaintiff's claim of verbal abuse be **DISMISSED** from this action.

Plaintiff also alleges racial discrimination. However, plaintiff has alleged no facts to support this conclusory allegation. All plaintiff states is that he has experienced racial discrimination and sets forth nothing more to support this claim. Plaintiff has completely failed to state what, if any, acts of any of the numerous defendants were racially motivated or how they discriminated against him. Therefore, the undersigned **RECOMMENDS** that plaintiff's claims of racial discrimination be **DISMISSED** from this action.

Plaintiff also claims that Mr. Wright sexually harassed him for four months and then "touched [him]in an unprofessional, sexual way" on one occasion. Claims of sexual abuse may, in some instances, show a violation of the Eighth Amendment and be actionable under 42 U.S.C. § 1983. ***Boxer X v. Harris***, 437 F.3d 1107, 1111 (11th Cir. 2006)***; Boddie v. Schnieder***, 105 F.3d 857 (2nd Cir. 1997). "[S]evere or repetitive sexual abuse of an inmate by a prison officer can be 'objectively, sufficiently serious' enough to constitute an Eighth Amendment violation." ***Boddie,*** 105 F.3d at 861. However, "a small number of incidents in which [a prisoner] allegedly was verbally harassed, touched, and pressed against without his consent" does not show a violation of the Eighth Amendment. *Id.* In this case, plaintiff alleges only one instance in which Mr. Wright touched or pressed against his buttocks in "an unprofessional, sexual way." However, plaintiff does allege that he had to endure four months of sexual harassment prior to the actual sexual encounter with Mr. Wright.

Although the Court has serious reservations about the ultimate validity of this claim, it must, due to the liberal construction given prisoner *pro se* complaints, allow the claim to go forward against defendant Mr. Wright and against the defendants to whom plaintiff alleges he complained regarding the harassment and who, according to plaintiff, refused to help him, to-wit: defendants L. Williams, Mr. Binns, Richard Grable, and Deputy Warden Eugenia Harrison.

B.  CLAIMS REGARDING DENIAL OF A GRIEVANCE AND FAILURE TO PROCESS A GRIEVANCE

Plaintiff claims that Warden Chase denied his formal grievance regarding the physical sexual encounter with Mr. Wright and that his grievance appeal has been ignored by the Georgia Department of Corrections and/or James Donald, Commissioner of the Georgia Department of Corrections. The Eleventh Circuit has held that a plaintiff has no constitutional right to participate in prison grievance procedures. ***See Wildberger v. Bracknell***, 869 F.2d 1467, 1467-68 (11th Cir. 1989). Therefore, a prison official's denial of, or failure to process, a grievance is not actionable under 42 U.S.C. § 1983. Moreover, the Georgia Department of Corrections is an agency of the State of Georgia and a state and its agencies are not "persons" who may be sued under § 1983. ***Will v. Michigan Dep't of State Police***, 491 U.S. 58, 71 (1989).

For these reasons, the undersigned **RECOMMENDS** that plaintiff's claims that Warden Chase denied his formal grievance and that the Georgia Department of Corrections failed to process the grievance be **DISMISSED** from this action. Moreover, as the Georgia Department of Corrections cannot be sued under § 1983, it should be **DISMISSED** from this action

## C.  VARIOUS CLAIMS RELATING TO CONDITIONS OF CONFINEMENT

Plaintiff Blanchard makes numerous allegations regarding the conditions of confinement at Men's State Prison.  Specifically, he states it is overcrowded and disease ridden.  According to plaintiff, numerous inmates and staff have "T.B., hepatitis, and AIDS."  He complains of a lack of privacy and recreation.  Plaintiff states he cannot shower or use the bathroom alone and that he is offered no rehabilitative classes.  Plaintiff also alleges that he has no desk at which to write letters and has only a card table to use as a desk and cinder block to use as a chair.

All of plaintiff's allegations would, if proven, demonstrate nothing more than the fact that plaintiff is dissatisfied with the living conditions at Men's State Prison.  However, the Constitution does not mandate comfortable prisons nor does it mandate that prisons provide every amenity that one might find desirable.  *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981).  All that is required is that prisons be humane. *Farmer v. Brennan*, 511 U.S. 825 (1994).  Prisoners must be provided with the basic necessities of life, i.e., food, clothing, shelter, and medical care. *Hudson v. McMillan*, 503 U.S. 1 (1992); *Hudson v. Palmer*, 468 U.S. 517 (1984).

To prevail on an Eighth Amendment Claim regarding the conditions of confinement, a plaintiff must demonstrate that (1) the deprivation alleged is, from an objective standpoint, "sufficiently serious"; and (2) prison officials acted with "deliberate indifference," that is, the officials knew of and disregarded an excessive rick to inmate health and safety. *Farmer*, 511 U.S. at 834.  In addition, "[a] plaintiff must show that the constitutional deprivation caused his injuries." *Marsh v. Butler County, Ala*., 268 F.3d 1014, 1028 (11th Cir. 2001).

None of the plaintiff's allegations, viewed alone or in the aggregate, are "sufficiently serious" enough to implicate the Constitution.  Moreover, plaintiff has not shown he has been injured in any way from the above-mentioned alleged deprivations.  For these reasons, the undersigned **RECOMMENDS** that these claims be dismissed.

D. RETALIATION

Plaintiff complains that since complaining and filing a grievance regarding the alleged sexual harassment, he is being retaliated against. He states that he is not allowed to see his mental health counselor and that his mail is intentionally lost as retaliation for filing the grievance. Apparently plaintiff also believes that in an act of retaliation, the warden changed the number of years he has to serve in prison from the correct 7 years; to an incorrect 12 years. According to plaintiff, he has asked the "counseling staff" to help him with these matters and they refuse. Plaintiff's First Amendment retaliation claim shall go forward against the "counseling staff" shown as defendants in plaintiff's complaint; i.e., defendants L. Williams, Mr. Binns, and Warden E. L. Chase.

E. CLAIMS REGARDING "SPRING FRESH" TOOTHPASTE

Plaintiff alleges that a toothpaste called "Spring Fresh," which is made in China and distributed by American Amenities, Inc., is the only free toothpaste offered to indigent inmates at Men's State Prison. Plaintiff states that he has been "poisoned by this product for (17) seventeen months." Plaintiff alleges he is suffering from "cronic (sic) pain in his side and stomach, cronic (sic) headaches, ongoing skin bumps and lesions that scar and do not heal, and swollen lymph nodes in the pelvic and neck areas" as result of his use of this product. Plaintiff states he has reported a "quarter sized lump behind his right ear," but Dr. Goel and the Medical Department will not help him. Plaintiff wishes to name Dr. Goel as a defendant in this claim. The Court finds that this claim may go forward against Dr. Goel at this time.

Plaintiff also wishes to list John Doe/Jane Doe at American Specialties, Inc., and John Doe/Jane Doe at the Georgia Department of Corrections as defendants in relation to this claim. However, fictitious party practice is not allowed under the Federal Rules of Civil Procedure or any other statute. ***Seeks v. Benton***, 649 F. Sup. 1297 (S. D. Ala. 1986). Consequently, the undersigned **RECOMMENDS** that all of the John and Jane Doe defendants be dismissed without prejudice to the right of plaintiff to amend his complaint should he subsequently discover the identities of the unknown defendants. Plaintiff is advised that if he wishes to replace the John and Jane Doe defendants with specifically named defendants, he must do so before the applicable statute of limitations expires.

F.  JAMES E. DONALD, COMMISSIONER, GEORGIA DEPARTMENT OF CORRECTIONS

Plaintiff Blanchard avers that James E. Donald , Commissioner of the Department of Corrections, should be a defendant in relation to *all* of his various claims. It appears that plaintiff names James Donald merely because he is the Commissioner of the Georgia Department of Corrections and for no other reason. However, plaintiff has in no way linked Commissioner Donald to the allegations set forth in his complaint.

It is well-settled that a plaintiff cannot prevail under 42 U.S.C. § 1983 based on a theory of *respondeat superior* or supervisory liability. ***Rogers v. Evans***, 792 F.2d 1052 (11th Cir. 1986); ***H.C. by Hewett v. Jarrard***, 786 F.2d 1080 (11th Cir. 1986). Instead a plaintiff must show that the supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation. *H.C. by Hewett*, 786 F.2d at 1086-87. "The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. The deprivations that constitute widespread abuse sufficient to notify supervising officials must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." ***Brown v. Crawford***, 906 F.2d 667, 671 (11th Cir. 1990), ***cert. denied***, 500 U.S. 933 (1991).

Plaintiff does not allege that James Donald was personally involved in any of his alleged constitutional deprivations. Moreover, plaintiff's assertions do not establish the causal connection necessary to hold James Donald responsible for the plaintiff's alleged constitutional deprivations. Accordingly, the undersigned **RECOMMENDS** that James E. Donald be dismissed.

G. CONCLUSION

The undersigned recommends dismissal of the following: claims related to verbal abuse; claims about the grievance process; and claims related to general conditions of confinement. The undersigned also recommends that the following defendants be dismissed: Georgia Department of Corrections; John/Jane Doe at the Georgia Department of Corrections; John/Jane Doe at American Amenities, Inc;.[1] and James E. Donald.

The following claims shall go forward: claims relating to sexual abuse (with Mr. Wright, L. Williams, Mr. Binns, Richard Grable, and Eugenia Harrison named as defendants); claims relating to retaliation (with Alexis E. L. Chase, L. Williams, and Mr. Binns shown as defendants); and claims related to "Spring Fresh" toothpaste and a lack of medical care (with Dr. Goel shown as defendant).

Insofar as the Recommendations hereinabove set forth are concerned, pursuant to 28 U.S.C. §636(b)(1), plaintiff Blanchard may file written objections to these RECOMMENDATIONS with the Clerk of court directed to the district judge assigned to this case. All objections must be filed **WITHIN TEN (10) DAYS** after plaintiff is served with a copy of this Order and Recommendation.

---

[1] In his motion to amend complaint, plaintiff requested the American Amenities, Inc. be removed and John Doe/Jane Doe at American Amenities, Inc. be listed as the defendant.

Accordingly, IT IS HEREBY ORDERED AND DIRECTED that service be made as provided by law upon defendants CHASE, WRIGHT, GRABLE, WILLIAMS, BINNS, and HARRISON; that a WAIVER OF REPLY, an ANSWER <u>or</u> such other response as may be appropriate under Rule 12 of the **FEDERAL RULES OF CIVIL PROCEDURE**, 28 U.S.C. §1915, and the *Prison Litigation Reform Act* be filed herein by said defendants as required and permitted by law.

It is further ORDERED AND DIRECTED that a copy of this order be served upon plaintiff's custodian, if any.

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, each party shall at all times keep the Clerk of this court and all opposing attorneys and/or parties advised of his current address. **FAILURE TO PROMPTLY ADVISE THE CLERK OF ANY CHANGE OF ADDRESS MAY RESULT IN THE DISMISSAL OF A PARTY'S PLEADINGS FILED HEREIN!**

### ☞ DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must <u>diligently</u> prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE for failure to prosecute. Defendants are advised that they are expected to <u>diligently</u> defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determine that discovery has been completed and all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to <u>file</u> original motions, pleadings, and correspondence with the Clerk of court; to <u>serve</u> copies of <u>all</u> motions, pleadings, discovery, and correspondence (<u>including</u> <u>letters</u> <u>to</u> <u>the</u> <u>Clerk</u> <u>or</u> <u>to</u> <u>a</u> <u>judge</u>) upon opposing parties or counsel for opposing parties if they are represented; and to attach to said original motions and pleadings filed with the Clerk a **CERTIFICATE OF SERVICE** indicating <u>who</u> has been served and <u>where</u> (i.e., at what address), <u>when</u> service was made, and how service was accomplished (i.e., by U. S. Mail, by personal service, etc.).

THE CLERK OF COURT WILL NOT SERVE OR FORWARD COPIES OF SUCH MOTIONS, PLEADINGS, AND CORRESPONDENCE ON BEHALF OF THE PARTIES!

## DISCOVERY

**PLAINTIFF(S) SHALL NOT COMMENCE DISCOVERY UNTIL AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED ON BEHALF OF THE DEFENDANT(S) FROM WHOM DISCOVERY IS SOUGHT BY THE PLAINTIFF(S). THE DEFENDANT(S) SHALL NOT COMMENCE DISCOVERY UNTIL SUCH TIME AS AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED.** Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his/her custodian.

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed **WITHIN 90 DAYS** from the date of filing of an **ANSWER** or **DISPOSITIVE MOTION** by the defendant(s), unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This **90 DAY** period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer/dispositive motion. The scheduling of a trial herein may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

DISCOVERY MATERIALS SHALL NOT BE FILED WITH THE CLERK OF COURT.  **NO PARTY SHALL BE REQUIRED TO RESPOND TO ANY DISCOVERY NOT DIRECTED TO HIM OR SERVED UPON HIM BY THE OPPOSING COUNSEL/PARTY!**  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:  except with written permission of the court first obtained, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

☞ **REQUESTS FOR DISMISSAL AND/OR JUDGMENT**

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a **SEPARATE MOTION** therefor accompanied by a brief/memorandum of law citing supporting authorities.  DISPOSITIVE MOTIONS should be filed at the earliest time possible, but in any event no later than **THIRTY (30) DAYS** after the close of discovery unless otherwise directed by the court.

**DIRECTIONS TO CUSTODIAN OF PLAINTIFF**

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the **WARDEN** of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall *each month* cause to be remitted to the Clerk of this court **TWENTY PERCENT (20%)** of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full.  In accordance with provisions of the *Prison Litigation Reform Act*, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of court *each month* until the filing fee is paid in full, *provided* the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

**PLAINTIFF'S OBLIGATION TO PAY FILING FEE**

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**ELECTION TO PROCEED BEFORE THE
UNITED STATES MAGISTRATE JUDGE**

Under **Local Rule 72**, all prisoner complaints filed under provisions of 42 U.S.C. §1983 are referred to a full-time United States Magistrate Judge for this district for consideration of all <u>pretrial</u> matters. In addition, 28 U.S.C. §636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and <u>all</u> proceedings in a jury or nonjury civil matter <u>and</u> to order the entry of judgment in a case upon the <u>written</u> <u>consent</u> of all of the parties. Whether the parties elect to proceed before a magistrate judge or retain their right to proceed before a U. S. district judge is strictly up to the parties themselves.

☞ After the filing of responsive pleadings by the defendants, the Clerk of court is directed to provide **ELECTION FORMS** to the parties and/or to their legal counsel, if represented. Upon <u>receipt</u> of the **ELECTION FORMS**, each party shall cause the same to be executed and returned to the Clerk's Office WITHIN FIFTEEN (15) DAYS. Counsel may execute **ELECTION FORMS** on behalf of their clients provided they have such permission from their clients. However, counsel <u>must</u> specify on the **ELECTION FORMS** on whose behalf the form is executed.

SO ORDERED AND RECOMMENDED, this 7th day of August, 2007.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

**ADDENDUM TO ORDER**

## NOTICE TO ALL PARTIES

PURSUANT TO THE COURT'S ORDER REGARDING DISCOVERY SET OUT ABOVE, NO DISCOVERY SHALL BE PERMITTED IN THIS CASE UNTIL AN ANSWER OR DISPOSITIVE MOTION (e.g., MOTION TO DISMISS, MOTION FOR SUMMARY JUDGMENT, MOTION FOR JUDGMENT ON THE PLEADINGS) HAS BEEN FILED BY THE DEFENDANT(S).

PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE, DISCOVERY (DEPOSITIONS, INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, REQUESTS FOR ADMISSIONS, ETC., AND RESPONSES THERETO) SHALL <u>NOT</u> BE FILED WITH THE CLERK OF COURT. <u>NOTE THAT THIS IS A CHANGE IN THE PROCEDURE HERETOFORE FOLLOWED IN THIS DISTRICT.</u>

DO <u>NOT</u> FILE <u>ANY</u> DISCOVERY WITH THE COURT UNLESS YOU ARE SPECIFICALLY DIRECTED TO DO SO BY THE COURT OR UNLESS FILING IS NECESSARY TO SUPPORT OR CONTEST A MOTION TO COMPEL DISCOVERY, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION. THE CLERK IS DIRECTED TO RETURN ANY SUBMITTED DISCOVERY TO THE PARTY SUBMITTING IT UNLESS IT IS FILED PURSUANT TO AN ORDER OF THE COURT OR IN SUPPORT OF A MOTION TO COMPEL, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION.