IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

GERALD S. BLANCHARD, JR.,

    Plaintiff

VS.

ALEXIS CHASE, *et al.*,

    Defendants

NO. 5:07-CV-241 (CAR)

**PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE**

# ORDER AND RECOMMENDATION

Plaintiff GERALD S. BLANCHARD, JR. filed the above-captioned lawsuit pursuant to 42 U.S.C.§1983. Tab #1. His COMPLAINT contains, *inter alia,* allegations of deliberate indifference, sexual abuse, and retaliation. After an initial review, but before permitting service upon the defendants, the undersigned ordered the plaintiff to supplement his COMPLAINT. Tab#5. Plaintiff timely filed a supplement. Tab #6. After reviewing the supplement, the undersigned issued an ORDER AND RECOMMENDATION wherein certain defendants were terminated, others were added, and the plaintiff's claims were limited to those relating to sexual abuse, retaliation, and the lack of medical care incident to plaintiff's use of "Spring Fresh" toothpaste.[1] Tab #11. Service upon the relevant defendants was also therein ordered. Tab #11. Thereafter, the defendants waived service and filed a pre-answer **MOTION TO DISMISS** which is currently before the court for consideration. Tab #35.

---

[1] The undersigned's ORDER AND RECOMMENDATION was subsequently adopted by the district judge. Tab #63.

## LEGAL STANDARD

A complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), if it does not "state a claim upon which relief can be granted." When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all factual allegations in the complaint must be accepted as true, with all reasonable inferences construed in the light most favorable to the plaintiff. *Wagner v. Daewoo Heavy Industries America Corp.*, 289 F.3d 1268, 1270 (11th Cir. 2002), *vacated on other grounds*, 298 F.3d 1228 (11th Cir. 2002); *See also*, *Beck v. Deloitte & Touche*, 144 F. 3d 732, 735 (11th Cir. 1988). Conclusory allegations and unwarranted deductions of fact, however, are not admitted as true. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). Moreover, "[a] complaint is subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim." *Marsh v. Butler County, Alabama*, 268 F. 3d 1014, 1022 (11th Cir. 2001) (*en banc*) (citing *Quiller v. Barclays American/Credit, Inc.*, 727 F. 2d 1067, 1069 (11th Cir. 1984) *vacated on pet. for rehearing*, *reinstated by* 764 F. 2d 1400 (11th Cir. 1985)).

## DISCUSSION

In their MOTION TO DISMISS, defendants enumerate five arguments as to why the plaintiff's COMPLAINT should be dismissed, to-wit:

1. *Plaintiff is not entitled to monetary damages against defendants as (a) defendants, insofar as they are sued in their official capacity, are entitled to Eleventh Amendment Immunity; and (b) plaintiff has failed to state a valid 42 U.S.C. § 1983 claim.*

2. *Plaintiff has failed to state a viable Eighth Amendment Claim.*

3. *Defendants Chase and Donald cannot be sued pursuant to 42 U.S.C. § 1983 on a theory of supervisory liability.*

4. *Plaintiff has not stated a viable claim for retaliation.*

5. *Defendants Williams, Grable, Counselor Binns, Harrison, and Dr. Goel, insofar as they are sued in their individual capacity, are entitled to qualified immunity.*

With regard to subpart (a) of defendants' first argument, while it is unclear that plaintiff Blanchard seeks monetary relief from defendants Wright, Williams, Binns, Grable, Harrison, Chase, and Goel in their *official* capacity, such relief is unavailable as these defendants, insofar as they are sued in their official capacity, are entitled to Eleventh Amendment Immunity. With regard to the subpart (b) of the defendants' first argument, defendants' second argument, and defendants' fourth argument, after carefully reviewing the record in this case, it appears that further factual development is necessary thus making dismissal of these claims inappropriate at this time.

Regarding defendants' third argument that defendants Chase and Donald cannot be sued pursuant to 42 U.S.C. § 1983 on a theory of supervisory liability, it should first be noted that defendant Donald has already been terminated as a defendant. With regard to defendant Chase, the defendants' argument that Chase cannot be held liable on a theory of *supervisory liability* in a §1983 action is correct. However, construing the factual allegations in a light most favorable to the plaintiff, it appears to the undersigned that terminating defendant Chase from this action at this time would be inappropriate.

Defendants' fifth and final argument is that they are all entitled to qualified immunity. Once again, construing the factual allegations in a light most favorable to the plaintiff, it appears to the undersigned that such a conclusion is not yet warranted. In short, plaintiff Blanchard's allegations are able to withstand a motion to dismiss.

Accordingly, **IT IS RECOMMENDED** that the defendants' **MOTION TO DISMISS** be **DENIED** as to all claims except claims bought against the defendants in their official capacity. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.[2]

---

[2] Nothing herein should be construed as foreclosing the later filing of a Motion for Summary Judgment by the defendants.

Also pending before the court are plaintiff's **MOTION FOR AN ORDER TO PRODUCE DOCUMENTS** (Tab #68) and **MOTION TO SUPPLEMENT COMPLAINT** (Tab #69), as well as defendants' **MOTION FOR A PROTECTIVE ORDER** (Tab #72). In light of the recommendation herein made on defendants' **MOTION TO DISMISS**, defendants' **MOTION FOR A PROTECTIVE ORDER** is **DENIED** as moot.

As for plaintiff's **MOTION FOR AN ORDER TO PRODUCE DOCUMENTS**, a review of this motion indicates that the plaintiff seeks documentation to support an as yet unfiled lawsuit in the **Southern** District of Georgia. Granting such a request in the instant action would therefore be inappropriate. Accordingly, plaintiff's **MOTION TO PRODUCE DOCUMENTS** is **DENIED**.

With regard to plaintiff's **MOTION TO SUPPLEMENT THE COMPLAINT**, plaintiff's proposed supplement attempts to add claims to the instant action which occurred after the filing of the instant action and, in some instances, involved new parties. There is also no indication that plaintiff Blanchard has exhausted his administrative remedies with regard to these alleged violations. As such, insofar as plaintiff's **MOTION TO SUPPLEMENT THE COMPLAINT** seeks to add additional claims and parties, said motion is **DENIED**.

SO ORDERED AND RECOMMENDED, this 26th day of AUGUST, 2008.



        CLAUDE W. HICKS, JR.
        UNITED STATES MAGISTRATE JUDGE